**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER DUBBS,

      Plaintiff,

                              Case No.

-vs-

EQUIFAX INFORMATION SERVICES
LLC; TRANS UNION LLC, and U.S.
DEPARTMENT OF EDUCATION,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Christopher Dubbs (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Trans Union LLC, (hereinafter "Trans Union")  and U.S. Department Of Education (hereinafter "DOE") (hereinafter collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

2

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Polk County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

10.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

12.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

13.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15.     DOE is a corporation headquartered at 400 Maryland Avenue, SW in Washington, DC 20202 that upon information and belief conducts business in the State of Florida.

16.     DOE is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.     DOE furnished information about Plaintiff to the CRAs that was inaccurate.

**FACTUAL ALLEGATIONS**

4

18. Plaintiff is a natural person who upon information and belief is either a victim of a mixed file or extreme identity theft.

19. On or about August 2025, Plaintiff was attempting to trade in his vehicle and purchase a new one. During this time, the dealership obtained copies of Plaintiff's Experian, Trans Union, and Equifax credit reports for purposes of securing an auto loan.

20. The dealership brough it to Plaintiff's attention that his score was in the 600s. This caught Plaintiff off guard as his score was significantly higher in the past. Plaintiff noted that a Department of Education student loan Partial Account number 653285XX, (hereinafter "DOE Loan") was taken out in his name on April 16, 2025, with a status of "collections" and a balance of $3,660.

21. Plaintiff knew that such reporting was concerning as he attended University over 30 years ago and never approved of an additional student loan to be taken out in his name.

22. Due to the reporting of the DOE Loan Plaintiff was notified that "the dealership was unable to offer you credit for the terms requested", triggering the annual percentage interest rate to be significantly higher.

23.    Shortly thereafter Plaintiff contacted the Department of Education where they informed him the loan was associated with the name Christopher Bubbs and the customer service agent confirmed that this was not his student loan.

24.    On or about September 5,2025, Plaintiff investigated further and obtained copies of his Equifax, and Trans Union credit reports.  Upon review the DOE Loan was erroneously reporting with a status of "collection account/ $3,660 past due as of Aug 2025".

25.    As a result of the continuing inaccurate reporting, Plaintiff mailed a detailed dispute letter to Trans Union and Equifax via certified mail on or about September 12, 2025. In the letter Plaintiff explained the DOE Account is not his and how the last time he secured a student loan was over thirty years ago. Plaintiff provided images of his U.S. Drivers license and Social Security Card in the letter so Trans Union, Equifax and Department of Education would be able to confirm his identity.

26.    Plaintiff mailed the aforementioned dispute letter to Equifax via USPS Certified Mail, tracking number 9505 5154 2581 5251 4910 81 and Trans Union 9505 5154 2581 5251 4910 67.

27.    Anxiously awaiting to receive the outcome of his latest disputes on September 23, 2025, Plaintiff obtained a copy of his Trans Union credit report, in

which the account continued to report with a status of collection and a balance of $3,633. Such reporting continued to negatively impact Plaintiff.

28.     On or about October 13, 2025, Plaintiff reviewed his Trans Union and Equifax credit reports. Upon review, Plaintiff observed that the  fraudulent DOE Loan continued to report with a damaging status of "Collection account. $3,666 past due as of Sep 2025." Despite over 30 days passing from his original dispute letter to Trans Union and Equifax to do an independent investigation, they continued to report the erroneous account.

29.     Both Equifax and Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher, USDOE. If Equifax and Trans Union were to conduct an independent investigation, the results of the investigation would have been different.

30.     Both Equifax and Trans Union never attempted to contact Plaintiff during the alleged investigation.

31.     Upon information and belief, Equifax and Trans Union notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

32. On October 14, 2025, due to the continued reporting, Plaintiff filed a Consumer Financial Protection Bureau Complaint Number 251014-24967943 (hereinafter "CFPB Complaint").

33. In the CFPB Report, Plaintiff detailed the fact that he never authorized this specific DOE Account to be opened nor did he authorize anyone to open the account. He further requested for an investigation to be done by the CRAs and DOE concerning the fraudulent account.

34. Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

35. Upon information and belief, Equifax, and Trans Union failed to review the CFPB complaints that Plaintiff filed and continued to report the erroneous accounts on his credit report.

36. On or about October 27, 2025, Plaintiff submitted another detailed dispute letter with Trans Union.

37. Shortly thereafter on October 29, 2025, Plaintiff submitted another detailed dispute letter to Equifax via USPS Certified Mail, tracking number, 9407 1111 0549 5842 4079 30.

38.     Both of the aforementioned disputes were detailed dispute letter to Trans Union and Equifax via certified mail. In the letter Plaintiff explained the DOE Account is not his and how the last time he secured a student loan was over thirty years ago. Plaintiff provided images of his U.S. Drivers license and Social Security Card in the letter so Experian and Department of Education would be able to confirm his identity.

39.     Plaintiff was left feeling very defeated after the last letter being submitted.

40.     Due to the continued reporting of the fraudulent account and concerned he was a victim of identity theft, On February 9, 2026, Plaintiff filed a Federal Trade Commission Identity Theft Report Number 197441461 (hereinafter "FTC Report"). In the Report, Plaintiff explained that the USDOE Account was not his.

41.     On or about February 9, 2026, Plaintiff reviewed his Trans Union and Equifax credit reports. Once again where he noticed the DOE Loan continued to report the fraudulent account and with a damaging status of "Collection account. $3,691 past due as of Jan 2026." Despite multiple disputes, Trans Union and Equifax continued to report the erroneous account.

42.     That same day, due to Trans Union's and Equifax's reluctance to remove the erroneous account, Plaintiff mailed another detailed dispute letter in

9

which he explained in detail to Equifax and Trans Union that they were reporting a loan that did not belong to him. Plaintiff provided images of his U.S Driver's License and Social Security Card, an image of the account in the letter so Trans Union and Equifax would be able to confirm his identity and acknowledge the incorrect account. Further, Plaintiff was incredibly stressed, losing sleep at night and having to take time off from work in the attempts to resolve Defendants' mistakes. Additionally, it included images of the FTC report and CFPB Complaint which Plaintiff had filed.

43.     Plaintiff mailed the aforementioned dispute letter to Equifax via USPS Certified Mail, tracking number 9407 1111 0549 5876 8522 56 and Trans Union 9407 1111 0549 5876 8522 25.

44.     Upon information and belief, Equifax and Trans Union notified DOE of Plaintiff's dispute. However, DOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax and Trans Union in connection with the dispute investigation.

45.     Had all Defendants conducted a reasonable investigation, the result would have been different.

46.     Despite Plaintiff's best efforts to have the erroneous DOE loan removed from his Trans Union and Equifax credit files, they continue to inaccurately report

the aforementioned account. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.  DOE continues to furnish the disputed account to all three CRAs.

47.    Trans Union and Equifax have not conducted a reasonable investigation despite Plaintiff's many please, and upon information and belief, simply continue to parrot off the bank of the furnisher. DOE has also failed to conduct a reasonable investigation into Plaintiff's disputes.

48.    Plaintiff continues to suffer as of the filing of this Complaint with Equifax's and Trans Union's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

49.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time and time taken off from work in attempts to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

11

life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv. Reduction in credit score as the Defendants failed to properly investigate the disputed information;

v. Delay in applying for an auto loan and other lines of credit due to fear of denials from Plaintiff's lowered credit score;

vi. Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

51. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

12

52. Equifax allowed for US Dept of Education to report inaccurate and erroneous account to Plaintiff's credit file.

53. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

54. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

55. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

56. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

58.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff CHRISTOPHER DUBBS, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

59.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

60.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

61.    Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

14

62.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

63.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

64.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

65.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

66.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

68.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

69.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete the DOE Loan Account from Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

16

70.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

71.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of either identity theft and/or a mixed file. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

72.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

74.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to Defendant,**
**Equifax Information Solutions LLC(Willful)**

75.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

76.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete the DOE Loan Account in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

77.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

78.    Plaintiff provided Equifax with the information it needed to confirm that he was either a victim of identity theft and/or a mixed file. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

79.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual or statutory damages and punitive damages against

19

Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC(Negligent)

82.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

83.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

84.    Trans Union allowed for Us Dept of Education to report inaccurate and erroneous account to Plaintiff's credit file.

85.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

86.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

20

87.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

88.     As a result of this conduct, action, and inaction of Trans Union , Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

90.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to Defendant,

21

**Trans Union LLC(Willful)**

91.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

92.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.    Trans Union allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

94.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

95.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

96.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

97.    As a result of this conduct, action, and inaction of Trans Union , Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

98.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC(Negligent)**

100.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

101.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete the DOE Loan Account from Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

102.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

103.    Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of either identity theft and/or a mixed file. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

104.    As a direct result of this conduct, action and/or inaction of Trans Union , Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

24

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

106. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC(Willful)

107. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) as if fully stated herein.

108. After receiving Plaintiff's disputes, Trans Union  violated 15 U.S.C. § 1681i by: (i) failing to delete the DOE Loan Account in Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

109. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

110. Plaintiff provided Trans Union with the information it needed to confirm that he was either a victim of identity theft and/or a mixed file. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

111. As a direct result of this conduct, action and/or inaction of Trans Union , Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union  LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, U.S. Department of Education (Negligent)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

51. DOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

27

52.     After receiving Plaintiff's disputes, DOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same;

(iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

53.     Plaintiff provided all the relevant information and documents necessary for DOE to have identified that the accounts were erroneous.

54.     DOE did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DOE by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

28

55.     DOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

56.     As a direct result of this conduct, action, and/or inaction of DOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57.     The conduct, action, and inaction of DOE was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

58.     Plaintiff is entitled to recover costs and attorney's fees from DOE in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual damages against Defendant, U.S. DEPARTMENT OF EDUCATION; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT X**
**Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant,**
**U.S. Department of Education (Willful)**

59.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

60.    DOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

61.    After receiving Plaintiff's disputes, DOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same;

(iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

62.    Plaintiff provided all the relevant information and documents necessary for DOE to have identified that the accounts were erroneous.

63.    DOE did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DOE by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which

did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

64.    DOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

65.    As a direct result of this conduct, action, and/or inaction of DOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66.    The conduct, action, and inaction of DOE was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

67.    Plaintiff is entitled to recover costs and attorney's fees from DOE in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER DUBBS, respectfully requests that this Court award actual or statutory damages and punitive damages against

31

Defendant, U.S. DEPARTMENT OF EDUCATION; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHRISTOPHER DUBBS respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, Equifax Information Services LLC, Trans Union LLC, and Us Department Of Education, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 24th day of April, 2026.

Respectfully submitted,

**_/s/ Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
lisa@theconsumerlawyers.com

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*Attorney for Plaintiff*

33